**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

ANNA BERKOVSKAIA                                    CIVIL ACTION NO. 25-1044

                                                    SECTION P

VS.

                                                    JUDGE TERRY A. DOUGHTY

PAM BONDI, ET AL.                                   MAG. JUDGE KAYLA D. MCCLUSKY

### <u>ORDER TO AMEND</u>

Petitioner Anna Berkovskaia,[1] a detainee at Richwood Correctional Center in the custody

of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs

Enforcement ("ICE") who proceeds pro se, petitions the Court for a writ of habeas corpus under

28 U.S.C. § 2241.

### <u>Background</u>

Petitioner is a citizen of Russia.  She was taken into immigration custody on June 10,

2024.  [doc. # 4, p. 4].  On an unknown date, DHS issued a negative credible fear determination

for Petitioner.  [doc. # 4-1, p. 1].  On July 3, 2024, an immigration judge at the LaSalle

Immigration Court affirmed the negative credible fear determination and returned the case "to

DHS for removal of the Applicant."  *Id.* at 2.  Petitioner does not specify if or when she was

ordered removed from the United States.

Petitioner filed this proceeding on approximately July 15, 2025.  Channeling *Zadvydas v.*

*Davis*, 533 U.S. 678 (2001), Petitioner claims that her removal is not reasonably foreseeable and

that ICE has not made meaningful progress in effectuating her removal.  [doc. # 4, p. 6].  As of

---

[1] Petitioner's "A-Number" is 249137752.

August 15, 2025, she maintains that she "has remained in detention for approximately 12 months without being granted release or a bond hearing."  *Id.*  For relief, Petitioner seeks immediate release from detention.  *Id.* at 7.

### Amend

Petitioner should file an amended petition and, to the best of her ability and means:

(1) provide a copy of the removal order, if possible; [2]

(2) specify whether an immigration judge ordered her removed from the United States and, if so, specify *when* the immigration judge issued the removal order;

(3) state whether she appealed any order of removal to the Board of Immigration Appeals;

(4) provide a copy of all relevant documents, including documents concerning where and why Petitioner was taken into custody and detained;

(5) explain why there is "no significant likelihood of removal in the reasonably foreseeable future";  Petitioner may, for example, include information concerning whether she completed any documents to assist in her removal and whether any travel document has been issued;

(6) provide any post-removal order custody reviews or decisions to continue her detention;

(7) state whether she seeks a bond hearing or whether she only seeks release from confinement;

(8) state whether Petitioner requested a bond hearing before an immigration judge; and

(9) if Petitioner had a bond hearing, state the date of the hearing and the result of the hearing.

---

[2] Petitioner only needs to provide copies of documents she can access or documents she can obtain using reasonable efforts.  Currently, she does not need to seek the Court's assistance in obtaining any documents.

**Conclusion**

Accordingly, **IT IS ORDERED** that Petitioner Anna Berkovskaia file an amended petition within **thirty (30) days** of the filing of this Memorandum Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.  Petitioner is further required to notify the Court of any change in her address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

In Chambers, Monroe, Louisiana, this 30th day of September, 2025.


Kayla Dye McClusky
United States Magistrate Judge

3