UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| ANNA BERKOVSKAIA | CIVIL ACTION NO. 25-1044 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| PAM BONDI, ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

## MEMORANDUM ORDER

Petitioner Anna Berkovskaia,[1] a detainee at Richwood Correctional Center in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE") who proceeds pro se, moves for appointed counsel. [doc. # 12].

Under 18 U.S.C. § 3006A(a)(2), "Whenever the . . . interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241 . . . ." However, appointing counsel is only "appropriate in a case that presents 'exceptional circumstances.'" *Santana v. Chandler*, 961 F.2d 514, 515 (5th Cir. 1992) (addressing a motion for appointed counsel where the petitioner sought a writ of mandamus to compel the government to commence deportation proceedings). "Among the factors to consider when deciding whether to appoint counsel are those discussed in *Cooper v. Sheriff*." *Id.*

In *Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991), the court instructed courts to consider: "the type and complexity of the case; the petitioner's ability adequately to present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination;

---

[1] Petitioner's "A-Number" is 249137752.

and the likelihood that appointment will benefit the petitioner, the court, and the defendants by 'shortening the trial and assisting in a just determination.'"

Here, with respect to the first factor above, Petitioner's claims, while serious, are not complex. Second, Petitioner's filings demonstrate that she is reasonably articulate and intelligent; she need not be versed in the law if she can recite the facts and demands with sufficient clarity.

Examining the third factor is premature because the case is not set for hearing or trial. Prematurity aside, the presence of conflicting evidence is an unexceptional likelihood in adversarial proceedings.

Turning to the fourth factor, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case.

In sum, Petitioner does not present exceptional circumstances, and the interests of justice do not require appointing counsel currently.

Accordingly, **IT IS ORDERED** that Petitioner's motion, [doc. # 12], is **DENIED**.

In Chambers, Monroe, Louisiana, this 22nd day of October, 2025.

                                                  _____
                                                  Kayla Dye McClusky
                                                  United States Magistrate Judge