UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

ANNA BERKOVSKAIA                                          CIVIL ACTION NO. 25-1044

                                                         SECTION P

VS.

                                                         JUDGE TERRY A. DOUGHTY

PAM BONDI, ET AL.                                        MAG. JUDGE KAYLA D. MCCLUSKY

## MEMORANDUM ORDER

Petitioner Anna Berkovskaia,[1] a detainee at Richwood Correctional Center in the custody

of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs

Enforcement ("ICE") who proceeds pro se, petitions the Court for a writ of habeas corpus under

28 U.S.C. § 2241.

## Background

Petitioner is a citizen of Russia. She was taken into immigration custody at the United

States border in Calexico, California, on June 2, 2024. [doc. #s 10, p. 1; 11, p. 4]. When she

was detained, she "asked for political asylum." [doc. # 10, p. 1]. On June 23 or 28, 2024, DHS

issued a negative credible fear determination for Petitioner. [doc. #s 4-1, p. 1; 10, p. 1; 10-1, p.

1]. On July 3, 2024, an immigration judge at the LaSalle Immigration Court affirmed the

negative credible fear determination and returned the case "to DHS for removal of the

Applicant." [doc. #s 4-1, p. 1; 10-1, pp. 3-4]. Petitioner suggests that she was ordered removed

the same day. [doc. #s 10, p. 2; 11, p. 4; 11-1, p. 3]. She did not appeal to the Board of

Immigration Appeals. [doc. # 11, p. 4].

---

[1] Petitioner's "A-Number" is 249137752.

Petitioner filed this proceeding on approximately July 15, 2025.  Channeling *Zadvydas v. Davis*, 533 U.S. 678 (2001), she claims that her removal is not reasonably foreseeable and that ICE has not made meaningful progress in effectuating her removal.  [doc. # 4, p. 6].  She states that her removal is "unlikely because Russia doesn't cooperate with [the] United States deportation efforts."  [doc. # 10, p. 2].  She adds: "ICE couldn't send planes to Russia with deported people.  There [are] no diplomatic relations between Russia and the United States."  *Id.* In a later filing, Petitioner states that her "embassy/consulate has not issued [her] travel documents . . . ."  [doc. # 11-1, p. 4].

Petitioner maintains that she has "cooperated fully with all of ICE's efforts to remove" her, including signing a travel document application in August 2025, and providing identifying information and documents.  [doc. # 11-1, p. 3].

For relief, Petitioner seeks immediate release from detention.  [doc. # 4, p. 7].  *Id.* at 7.

### Order

To resolve this matter:

**THE CLERK OF COURT IS DIRECTED** to serve a summons, a copy of the Petition, [doc. # 4], Response, [doc. # 10], Exhibits, [doc. # 10-1], First Amended Petition, [doc. # 11], Memorandum, [doc. # 11-1], and a copy of this Memorandum Order by certified mail on:

(1) the United States Attorney for the Western District of Louisiana;

(2) the United States Attorney General;

(3) DHS/ICE through its Director; and

(4) the Warden of Richwood Correctional Center.

**IT IS ORDERED** that Respondents answer the Petition within **14 days** following the date of service.[2]  Respondents shall include summary judgment evidence indicating whether there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future and whether Petitioner's detention is otherwise lawful.  Respondents shall also include information regarding the length of time that Petitioner has been in custody, the date she entered the United States, her statutory and/or regulatory classification both when she entered the United States and now, the statute under which she is presently detained, the date she was ordered removed, the date on which her removal order became final, any relevant administrative decisions, any relevant Fifth Circuit decisions, and all documents relevant to any efforts made by officials to obtain travel documents for Petitioner.  Respondents shall also file a memorandum of law, briefing the issues and citing applicable law.

All documentary exhibits must have properly numbered pages.  Respondents shall include an index describing each item attached to the answer and showing each item's page number.

**IT IS FURTHER ORDERED** that Petitioner shall have **14 days** following the filing of Respondents' answer to file a reply and produce summary judgment evidence[3] concerning the

---

[2] Petitioner asks the Court to order Respondents to respond within three days.  Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part, "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . ."  RULES GOVERNING SECTION 2254 CASES, RULE 4.  Applying Rule 4 here, the Court declines to deviate from the fixed response time that it customarily affords respondents.

[3] Summary judgment evidence includes affidavits or unsworn declarations made under 28 U.S.C. § 1746, deposition testimony, answers to interrogatories, admissions, and sworn or certified copies of all papers referred to.  All affidavits or unsworn declarations must comply with Rule 56(e).  They shall be made on personal knowledge and set forth such facts as would be admissible in evidence, and they shall show affirmatively that the affiant is competent to testify to the matters stated therein.

lawfulness of her detention.  Alternatively, Petitioner may notify the Court in writing that she does not wish to file a reply and that she wants the Court to issue an opinion as soon as possible.

**IT IS FURTHER ORDERED** that as a condition of their acceptance by the Clerk of Court, all future filings by Respondents shall include a certificate stating that copies of the filings have been mailed to all other parties.

When the record is complete, the Court will determine if any genuine disputes of material fact necessitate an evidentiary hearing.  If no hearing is necessary, the undersigned will issue a Report and Recommendation without further notice.

In Chambers, Monroe, Louisiana, this 22nd day of October, 2025.

_____
Kayla Dye McClusky
United States Magistrate Judge