UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ANNA BERKOVSKAIA** | **CIVIL ACTION NO. 25-1044** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **PAM BONDI, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## ORDER

Petitioner Anna Berkovskaia,[1] a detainee at Richwood Correctional Center in the custody of the Department of Homeland Security and the Bureau of Immigration and Customs Enforcement who proceeds pro se, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. She seeks release from confinement, claiming that her removal is not reasonably foreseeable, that ICE has not made meaningful progress in effectuating her removal, and that she has not had a bond hearing.

Following a review of the parties' filings, questions of fact remain.

**IT IS ORDERED** that a hearing will be held in this action before Magistrate Judge Kayla D. McClusky on **February 3, 2026,** at **10:00 a.m.**, in the United States Courthouse, 201 Jackson Street, Monroe, Louisiana. The hearing will be a complete hearing of all witnesses and evidence to be presented by all parties concerning Petitioner's claims. Following this hearing, the undersigned will make findings of fact, including credibility determinations, and issue a report and recommendation to the district judge.

---

[1] Petitioner's "A-Number" is 249137752.

IT IS FURTHER ORDERED that Attorney Betty Marak, through the Office of the Federal Public Defender for the Western District of Louisiana, is appointed to represent Petitioner at the hearing under to Rule 8(c) of the Federal Habeas Corpus Rules and 18 U.S.C. § 3006A.

IT IS FURTHER ORDERED that as early as practicable, but no later than **January 20, 2026**, counsel for Petitioner shall notify the Court if Petitioner requires a translator at the hearing.

IT IS FURTHER ORDERED that no later than **January 27, 2025**, each party shall file a pre-trial statement, identifying any issues of fact and law, witnesses to be called at the hearing, and exhibits to be introduced into evidence. Each exhibit listed in the memorandum shall be described sufficiently so that it can be identified as the listed item at the time of the hearing. Copies of all exhibits that are capable of being reproduced shall be provided by each party to his/her opponent no later than **January 20, 2025**. If the authenticity of any such exhibit is disputed, a list of the disputed exhibits, and the reason for the dispute, shall be included with the pre-trial statement.

No exhibit or witness (except those used for impeachment purposes) shall be used at the hearing over objection unless listed in the pretrial memoranda, except for good cause shown. A party may call a witness listed by another party, but a party cannot rely on another party to have a particular witness at the hearing. Rule 45 of the Federal Rules of Civil Procedure must be followed regarding the subpoenaing of witnesses or documentary evidence to the hearing.

IT IS FURTHER ORDERED that the Clerk of Court issue a Writ of Habeas Corpus Ad Testificandum to the Warden of Richwood Correctional Center, requiring him, or his subordinates, to deliver and produce Petitioner Anna Berkovskaia at the United States

Courthouse, 201 Jackson Street, Monroe, Louisiana, on **February 3, 2026**, prior to the 10:00 a.m. evidentiary hearing, and that Petitioner's custodian maintain custody of her throughout the hearing and up to and including her return to Richwood Correctional Center.[2]

IT IS FURTHER ORDERED that the Clerk of Court send copies of this Order to Attorney Betty Marak at the Office of the Federal Public Defender, to Petitioner, to all counsel of record, and to the Warden of Richwood Correctional Center.

In Chambers, Monroe, Louisiana, this 2nd day of December, 2025.

_____
Kayla Dye McClusky
United States Magistrate Judge

---

[2] Should Petitioner's custodial status change, counsel shall promptly notify the Court.