UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

ANNA BERKOVSKAIA                          CIVIL ACTION NO. 25-1044

                                          SECTION P

VS.                                       JUDGE TERRY A. DOUGHTY

PAM BONDI, ET AL.                         MAG. JUDGE KAYLA D. MCCLUSKY

MEMORANDUM ORDER

Petitioner Anna Berkovskaia is currently housed and detained at Richwood Correctional Center in the custody of the Department of Homeland Security and the Bureau of Immigration and Customs Enforcement under "A-Number" of 249137752.

Petitioner, who originally proceeded pro se, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. She seeks release from confinement, claiming that her removal is not reasonably foreseeable, that ICE has not made meaningful progress in effectuating her removal, and that she has not had a bond hearing.

The first time that Petitioner sought appointment of counsel, the Court had not yet completed an initial review and, thus, denied her motion, subject to reconsideration once the review was complete.  [doc. #13].

However, on December 3, 2025, following a full review of the parties' filings, the Court found that questions of fact remain and set a hearing on February 3, 2026, at 10:00 a.m., in the United States Courthouse, 201 Jackson Street, Monroe, Louisiana.  Because this evidentiary hearing will require witnesses and evidence to be presented by all parties

concerning Petitioner's claims, the Court also ordered that Attorney Betty Marak, through the Office of the Federal Public Defender for the Western District of Louisiana, be appointed to represent Petitioner at the hearing under to Rule 8(c) of the Federal Habeas Corpus Rules and 18 U.S.C. § 3006A.  [doc. #20].  Additionally, the Court required Ms. Marak to provide notice by January 20, 2026, if Petitioner requires a translator at the hearing.  Id¡.. Finally, both parties were required to file by January 27, 2025, a pre-trial statement, identifying any issues of fact and law, witnesses to be called at the hearing, and exhibits to be introduced into evidence.  Id¡

Before the Court are two motions filed by Petitioner, pro se:  a motion for an extension of time to file a reply to the Government's opposition to her Petition [doc. #25] and a second motion for appointment of counsel [doc. #26].  Neither relief is necessary because the Court has already set a deadline of January 27, 2026, for the parties to file pre-trial(hearing) statements, and has already appointed Ms. Marak to represent Petitioner. Therefore,

IT IS ORDERED that the motions are DENIED AS MOOT.

However, it is likely that Petitioner is confused or unaware that she has been appointed counsel because of developments this Court learned about only today.  The Court has been informed during a conference with Ms. Marak and Samuel Crichton, Assistant United States Attorney, that Richwood Correctional Center ("RCC") is refusing to make Petitioner available for a zoom conference (or otherwise) with her attorney, despite the Court's order having been provided.

At the request of RCC staff, Ms. Marak completed, to the best of her ability, a Form G-28 , which is inapplicable.  RCC apparently does not recognize Ms. Marak as Petitioner's attorney.   RCC continues to deny Petitioner access to her counsel until she also signs the (again) inapplicable Form G-28.  The Form G-28 is a USCIS form used to appoint a lawyer to handle an immigration case, but that form has no application in this United States District Court.  So that there is no further confusion,

IT IS ORDERED that the Warden at RCC immediately provide Ms. Marak zoom access to Petitioner in her capacity as Petitioner's attorney for the hearing set in this case. Ms.  Marak is not an immigration attorney, but is an Assistant Federal Public Defender who has already been appointed by this Court to address the habeas Petition and to assist this Court in obtaining the information necessary for the evidentiary hearing.  If RCC continues to deny Ms. Marak access to Petitioner a Rule to Show Cause will issue, and the Warden will be required to appear in person and explain why he is failing to comply with this Court's orders.

The Clerk of Court is instructed to provide a copy of this Memorandum Order to the Warden at RCC.

Monroe, Louisiana, this 16th day of December, 2025.

Kayla D. McClusky
United States Magistrate Judge

3