UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ANNA BERKOVSKAIA** | **CIVIL ACTION NO. 25-1044** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **PAM BONDI, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Petitioner Anna Berkovskaia,[1] a detainee at Richwood Correctional Center in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241.[2] Respondents oppose the petition. [doc. # 19]. For reasons that follow, the Court should grant the petition.

**Background**

Petitioner is a citizen of Russia. She was taken into immigration custody at the United States border in Calexico, California, on June 2, 2024. [doc. #s 10, p. 1; 11, p. 4]. When she was detained, she "asked for political asylum." [doc. # 10, p. 1]. On June 23 or 28, 2024, DHS issued a negative credible fear determination for Petitioner. [doc. #s 4-1, p. 1; 10, p. 1; 10-1, p. 1].

---

[1] Petitioner's "A-Number" is 249137752.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

On July 3, 2024, an immigration judge at the LaSalle Immigration Court affirmed the negative credible fear determination and returned the case "to DHS for removal of the Applicant." [doc. #s 4-1, p. 1; 10-1, pp. 3-4]. Petitioner was ordered removed the same day. [doc. #s 10, p. 2; 11, p. 4; 11-1, p. 3; 19, p. 2]. She did not appeal to the Board of Immigration Appeals. [doc. # 11, p. 4].

Petitioner filed this proceeding on approximately July 15, 2025. Channeling *Zadvydas v. Davis*, 533 U.S. 678 (2001), she claims that her removal is not reasonably foreseeable and that ICE has not made meaningful progress in effectuating her removal. [doc. # 4, p. 6]. She states that her removal is "unlikely because Russia doesn't cooperate with [the] United States deportation efforts." [doc. # 10, p. 2]. She adds: "ICE couldn't send planes to Russia with deported people. There [are] no diplomatic relations between Russia and the United States." *Id.* In a later filing, Petitioner states that her "embassy/consulate has not issued [her] travel documents . . . ." [doc. # 11-1, p. 4].

Petitioner maintains that she has "cooperated fully with all of ICE's efforts to remove" her, including signing a travel document application in August 2025 and providing identifying information and documents. [doc. # 11-1, p. 3]. For relief, Petitioner seeks immediate release from detention. [doc. # 4, p. 7].

In opposition, Respondents first argue that Petitioner has not met her initial burden because she fails to provide sufficient evidence, offering "nothing beyond the fact of her extended detention and unsupported allegations that 'ICE has not made meaningful progress effectuating her removal.'" [doc. # 19, p. 6]. Respondents state that they have no travel documents for Petitioner because "the processes for obtaining a temporary travel document from another country . . . include considerations of diplomacy that are beyond the control of ICE." *Id.*

2

at 5. Then, citing *Zadvydas*, Respondents state, "If it is established at any stage of a custody review that, in the judgment of the Service, travel documents can be obtained, or such document is forthcoming, the alien will not be released." *Id.* at 7.

## Law and Analysis

Under 8 U.S.C. § 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." Under Section 1231(a)(6), "An alien ordered removed who is inadmissible[,] . . . removable[,] . . . or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)." In *Zadvydas*, 533 U.S. at 682, the Supreme Court construed Section 1231(a)(6) "to contain an implicit 'reasonable time' limitation, the application of which is subject to federal-court review."

"[T]he Court construed § 1231(a)(6) to mean that an alien who has been ordered removed may not be detained beyond 'a period reasonably necessary to secure removal,'" 533 U.S., at 699, 121 S.Ct. 2491, and it further held that six months is a presumptively reasonable period, *id.,* at 701, 121 S.Ct. 2491. After that, the Court concluded, if the alien "'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing [with evidence] or release the alien." *Jennings v. Rodriguez*, 138 S. Ct. 830, 843 (2018) (quoting *Zadvydas*, 533 U.S. at 699).[3] If removal is not reasonably foreseeable, "the alien's release may and should be conditioned on any of the various

---

[3] "The alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 700.

"[R]eview must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to 'speak with one voice' in immigration matters." *Id.* at 700.

Here, Petitioner meets her initial burden of providing good reason to believe that there is no significant likelihood of her removal in the reasonably foreseeable future. Petitioner states that her embassy has not issued any travel documents, ICE has made no meaningful progress in effectuating her removal, and she has fully cooperated with ICE. In addition, she has been detained for an extended and excessive duration: to date she has been detained 576 days (or 1 year, 6 months, 27 days) following her order of removal.[4]

Respondents do not rebut Petitioner's showing with evidence. They do not provide any evidence indicating that travel documents are forthcoming, that ICE has made meaningful progress in effectuating Petitioner's removal, or that Petitioner has not fully cooperated with ICE.

Respondents argue that Petitioner fails to provide sufficient evidence, offering "nothing beyond the fact of her extended detention and unsupported allegations that ICE has not made meaningful progress effectuating her removal." However, an excessive duration of detention post-removal order can meet a petitioner's burden. "[A]s the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to

---

[4] In total, to date, Petitioner has been confined for 607 days (or 1 year, 7 months, and 28 days).

shrink." *Zadvydas*, 533 U.S. at 701.[5]  Further, while Petitioner does not present her own affidavit or declaration, she could always testify to what she claims in her petition: i.e., (i) that she has cooperated with ICE and (ii) that ICE has made no meaningful progress in effectuating her removal.

Respondents also argue, without evidence, that they have no travel documents for Petitioner because "the processes for obtaining a temporary travel document from another country . . . include considerations of diplomacy that are beyond the control of ICE."  Then, citing *Zadvydas*, Respondents argue, "[i]f it is established at any stage of a custody review that, in the judgment of the Service, travel documents can be obtained, or such document is forthcoming, the alien will not be released."  *Id.* at 7.  Respondents, however, never state that "it is the judgment" of ICE that travel documents can be obtained or are forthcoming.  Rather, as above, they suggest that obtaining travel documents is beyond their control.  And to the extent they fault Russia for not issuing a travel document for Petitioner or for not engaging in diplomacy, Respondents appear to support Petitioner's argument that Russia is not cooperating with the deportation efforts of the United States.

---

[5] *See Singh v. Gonzales*, 2006 WL 2540366, at *3 (W.D. La. July 10, 2006) ("Based upon the length of time that petitioner has been in post-removal-order custody (over 26 months), the fact that travel document requests have been pending for more than a year, and the fact that India has failed to indicate that it might issue a travel document in the reasonably foreseeable future, the court finds that the petitioner has satisfied this burden."); *Islam v. Kane*, 2011 WL 4374226, at *3 (D. Ariz. Aug. 30, 2011), *report and recommendation adopted,* 2011 WL 4374205 (D. Ariz. Sept. 20, 2011) ("The period of Petitioner's post-removal-order detention is nearing twelve months, thus the 'reasonably foreseeable future' must be near."); *Shefqet v. Ashcroft,* 2003 WL 1964290, * 4 (N.D. Ill., April 28, 2003) (granting habeas relief when post-removal-order detention exceeded 17 months); *Abdulle v. Gonzales*, 422 F. Supp. 2d 774, 778-79 (W.D. Tex. 2006).

Respondents provide no evidence—or reasons to conclude—that a travel document is forthcoming.[6] They do not, for example, provide any evidence that they have made progress in obtaining travel documents, that they have even attempted to obtain travel documents, that they have been communicating with Russia about Petitioner's deportation, that Russia has recently accepted other deportees similarly situated to Petitioner, that Russia has an agreement or treaty with the United States affecting Petitioner's removal, or that Russia is willing to accept Petitioner.[7]

Respondents cannot rest on bald assertions that removal is foreseeable without providing supporting evidence. "A theoretical possibility of eventually being removed does not satisfy the Government's burden once the removal period has expired and the petitioner establishes good

---

[6] *See Gabremicheal v. Gonzales*, 2007 WL 624602, at *3 (W.D. La. Jan. 31, 2007) ("[O]nly one travel document request has been made and that request occurred almost 16 months ago. There is simply no indication that any effort is being made to obtain a travel document for Gabremicheal or that a travel document is likely to issue in the reasonably foreseeable future."); *Azad v. Interim Dist. Director, New York,* 2009 WL 2569132 (S.D.N.Y., August 19, 2009) (finding that ICE failed to rebut a showing by petitioner of a good reason to believe that there was no significant likelihood of removal in the reasonably foreseeable future, where ICE's contacts with the local Consulate of Bangladesh resulted only in statements that Consulate was awaiting confirmation of information alien provided in travel document request); *Mohamed v. Ashcroft,* 2002 WL 32620339 (W.D. Wash., April 15, 2002) (granting petitioner habeas corpus relief where government failed to offer any "specific information regarding how or when [it] expect[ed] to obtain the necessary documentation or cooperation from the Ethiopian government."); *Islam,* 2011 WL 4374226, at *3 ("Other than stating that the travel document request is 'pending,' Respondent provides no details about the status of Petitioner's travel document, such as whether DHS has received any assurances that travel documents are forthcoming, or whether the Bangladesh Consulate is even willing to issue a travel document for Petitioner."); *Shefqet,* 2003 WL 1964290, at * 5 (finding that the government failed to meet its burden that removal is reasonably foreseeable in part because there was no evidence that Guyana had responded to the request for travel documents); *Butt v. Holder*, 2009 WL 1035354, at *5 (S.D. Ala. March 19, 2009) (holding that petitioner met his initial burden when he was held in ICE custody for more than ten months after the issuance of his removal order with no indication from the Pakistani Embassy that travel documents would be issued); *Palma v. Gillis,* 2020 WL 4880158, at *2 (S.D. Miss. July 7, 2020).

[7] The undersigned lists these non-exhaustive examples for general illustrative purposes only.

reason to believe [that] his removal is not significantly likely in the reasonably foreseeable future." *Kane v. Mukasey*, 2008 WL 1139137 at *5 (S.D. Tex. 2008). As one Court stated, "if [ICE] has no idea of when it might reasonably expect [Petitioner] to be repatriated, this Court certainly cannot conclude that his removal is likely to occur—or even that it might occur—in the reasonably foreseeable future." *Singh v. Whitaker*, 362 F. Supp. 3d 93, 102 (W.D.N.Y. 2019).

Petitioner need not show that removal is impossible. *Zadvydas,* 533 U.S. at 702. Although there may be some possibility that Petitioner could be removed, her post-removal-order detention has been sufficiently long that an unsubstantiated possibility does not satisfy Respondents' burden.

Accordingly, Petitioner's detention is unreasonable; the Court should grant her petition.

## Conclusion

For the reasons above, **IT IS RECOMMENDED** that Petitioner Anna Berkovskaia's petition be **GRANTED**: Respondents, including the Warden of Richwood Correctional Center, shall (A) immediately release Petitioner from custody without bond under reasonable conditions of supervision to be established by an ICE deportation officer[8] and (B) notify Petitioner's counsel of the exact location and time of her release no less than two hours before her release.

---

[8] To that end, Petitioner supplemented the record, without objection, under seal to provide documents identifying a U.S. citizen, Dmitry Grigorenko, who is willing to serve as a third-party custodian. [doc. #32]. While the Court is not charged with setting conditions, that information is included in the record.

**IT IS FURTHER RECOMMENDED** that any possible or anticipated removal or transfer of Petitioner under this present detention be **PROHIBITED**.[9] The parties shall, within **24 hours** after Petitioner's release, file a joint status report confirming her release.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 2nd day of February, 2026.

_____
Kayla Dye McClusky
United States Magistrate Judge

---

[9] In other words, it is the intent of the Court that Petitioner should not be released only to be immediately taken back into custody.  The Court expresses no opinion as to whether Petitioner could or should be taken into custody at a later date if travel documents were to be obtained.